1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GREGORY McCLELLAN,                          1:08-cv-01952-WMW (HC)

12                Petitioner,

13  vs.                                          **ORDER TRANSFERRING CASE TO
                                                 THE   NORTHERN   DISTRICT   OF**
14  BEN CURRY,                                   **CALIFORNIA**

15                Respondent.

16  _____/

17          Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

18  U.S.C. § 2254, in which he challenges a decision reached by the Board of Prison Terms regarding his

19  suitability for parole.  Petitioner has submitted an application to proceed in forma pauperis for this

20  action.

21          The federal venue statute requires that a civil action, other than one based on diversity

22  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

23  reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

24  giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

25  is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

26  which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

27          In a habeas matter, venue is proper in either the district of conviction or the district of

28                                              -1-

1   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

2   proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

3   875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

4   challenge the execution of a sentence is the district where the prisoner is confined.").

5          In this case, petitioner was sentenced in Kern County Superior Court, which is located within

6   the Eastern District of California.  He is currently incarcerated at Salinas Valley State Prison, in

7   Monterey County, which lies within the Northern District of California.  Because the instant petition

8   is premised on events relating to Petitioner's parole proceedings, the court construes it as a challenge

9   to the execution of petitioner's sentence, as opposed to an attack on the conviction itself.  Thus, this

10  matter should be addressed in the forum where petitioner is confined.  Therefore, the petition should

11  have been filed in the United States District Court for the Northern District of California.  In the

12  interest of justice, a federal court may transfer a case filed in the wrong district to the correct district.

13  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

14         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

15  District Court for the Northern District of California.

16  IT IS SO ORDERED.

17  **Dated:    January 5, 2009**             _____/s/  **William M. Wunderlich**_____
                                           UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28
                                    -2-